The Honorable Pat Flanagin State Representative P.O. Box 867 Forrest City, AR 72335-0867
Dear Representative Flanagin:
This is in response to your request for an opinion regarding A.C.A. § 5-4-203(c) (1987), which specifies the maximum period of imprisonment to be imposed upon criminal defendants who fail to pay fines and court costs. You have asked the following specific question in this regard:
 1. When a criminal defendant is convicted of more than one misdemeanor and is unable to pay his/her fine and court costs, is the maximum term of imprisonment for non-payment of the fine and costs thirty days per misdemeanor conviction, or is it thirty days total jail time regardless of the number of misdemeanor convictions arising out of any one occurrence?
While my research has not disclosed any case law directly addressing the issue of maximum imprisonment for non-payment of fines, it is my opinion that the maximum is thirty (30) days per misdemeanor, rather than thirty (30) days total. Section5-4-203(c) reads in part: "The period of imprisonment shall not exceed . . . thirty (30) days if the fine or costs were imposed upon conviction of a misdemeanor. . . ." I interpret "conviction of a misdemeanor," (emphasis added) to mean per misdemeanor. This conclusion is indicated by the case of Dollar v. State,287 Ark. 61, 697 S.W.2d 868 (1985), wherein the Arkansas Supreme Court held that "[t]he basic rule of statutory construction, to which all other interpretative guides are really subordinate, is to give effect to the legislative intention. Penal statutes are not to be so strictly construed as to exclude cases which the words, in their common and ordinary acceptation would apply to. And a literal application of a statute which would lead to absurd consequences should be discarded in favor of a more reasonable interpretation."
It should be noted, however, that Section 5-4-203(c) is, in my opinion, intended to apply to those persons who are able to pay, as opposed to indigents, but who refuse to do so. This conclusion follows from the fact that the imprisonment of an indigent solely because he cannot afford to pay constitutes invidious discrimination. Yate v. Short, 401 U.S. 395 (1971) and Drainv. State, 10 Ark. App. 338, 664 S.W.2d 484 (1984).
It is therefore my opinion that A.C.A. § 5-4-203(c) applies to those who are able to pay, and that the maximum term of imprisonment is thirty (30) days per misdemeanor.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
JW/WB:cyh